UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| SAFE N SIMPLE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SARASOTA MEDICAL PRODUCTS, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-13080<br><br>Honorable Robert J. White |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, IT IS HEREBY ORDERED that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" or "Confidential – Attorneys' Eyes Only" under the following terms and conditions:

1.    Confidential information.

    a. Any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it (a) contains confidential, competitively sensitive, or proprietary information that is not readily ascertainable through lawful means by the public, (b) that if disclosed publicly would likely cause oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation, (c) is or contains information subject to a

confidentiality agreement, (d) contains Protected Health Information as defined by 45 CFR § 160.103, or (e) that if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage.

b. Any document, information, or thing may be designated as "Confidential – Attorneys' Eyes Only" if the producing party determines in good faith that such document, information or thing is such extremely sensitive Confidential Information, that the disclosure of which to a Party or non-party could create a substantial risk of serious competitive, commercial, financial, privacy or other harm that cannot be avoided by less restrictive means and the information, documents or thing includes: (i) pricing and terms between SNS and its product manufacturers and/or direct manufacturers and by and between any direct manufacturer and product manufacturers; (ii) pricing by and between SNS and its customers; (iii) product formulations; (iv) process specifications; (v) production specifications, including lot release for any customers; (vi) vendor agreements relating to raw materials or products; (vii) manufacturing processes from start to finished goods; and (viii) lab testing of competitive manufacturing.

The Parties shall have a right to challenge the "Confidential – Attorneys' Eyes Only" designation, for any reason, by the same methods as documents labeled "Confidential" or any other method which they deem appropriate.

2. A producing party may designate any document or other tangible information or thing as "Confidential" or "Confidential – Attorneys' Eyes Only" by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated with the document or may place the appropriate designation mark "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

3. A copy of this protective order shall be served with any subpoena seeking documents or information from a non-party.

4.      A non-producing party may also designate any document, information, or things produced during the course of this proceeding, not already designated "Confidential" or "Confidential – Attorneys' Eyes Only" as "Confidential" or "Confidential – Attorneys' Eyes Only" as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

5.      A producing party may designate documents, information, or things disclosed at a deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" on the record during the deposition or, within 30 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential" or "Confidential – Attorneys' Eyes Only." All deposition transcripts and exhibits will be deemed Confidential for a period of 30 days after the receipt of the deposition transcript.

   a. If a producing party designates such materials as "Confidential" or "Confidential – Attorneys' Eyes Only" on the record, the court reporter shall indicate on the cover page that the transcript includes "Confidential" or "Confidential – Attorneys' Eyes Only" information and shall list the pages and line numbers and/or exhibits of the transcript where such information is contained and shall.

   b. A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" in the same manner as a producing party

6.      If a party producing documents inadvertently fails to mark a document as "Confidential" or "Confidential – Attorneys' Eyes Only" for which it desires such treatment, it shall so inform the party receiving the documents forthwith, but in no event later than thirty (30) days following the discovery of the inadvertent

3

disclosure. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

7.     The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential" or "Confidential – Attorneys' Eyes Only," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material was disclosed and is subsequently designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the disclosing party shall make good faith efforts to preserve the "Confidential" or "Confidential – Attorneys' Eyes Only" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

8.     If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" or "Confidential – Attorneys' Eyes Only" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

4

9. Should any party object to a designation of any information, documents, or things as "Confidential" or "Confidential – Attorneys' Eyes Only," the parties or the producing party shall, on an expedited basis, meet and confer in a good faith attempt to reach an agreement regarding the status of the information, documents, or things. The parties are strongly encouraged to resolve all such objections and, if appropriate, utilize the services of a neutral to assist the parties in the resolution of the dispute. If an objection is not thereby resolved, a party may bring the dispute before the Court on an expedited basis for a determination. The party claiming the "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as such.

10. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding.

11. Protection of Confidential Material.

a. **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any information marked as "Confidential" to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following

categories of persons may be allowed to review information marked as "Confidential":

i. **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

ii. **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

iii. **The Court and its personnel;**

iv. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

v. **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi. **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vii. **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents marked as "Confidential" or "Confidential – Attorneys' Eyes Only," except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

viii. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix. **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6

c. **Limited Disclosures of Confidential – Attorneys' Eyes Only" information.** Counsel for the parties shall not disclose or permit the disclosure of information marked as "Confidential – Attorneys' Eyes Only" to any person or entity except as set forth in subparagraphs (ii), (iii), (vi) and (viii) of paragraph 11(b) above.

d. **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of information marked as "Confidential" or "Confidential -- Attorneys' Eyes Only." Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case

12. Materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be made available to persons other than those authorized in paragraphs 11 above – even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" or "Confidential – Attorneys' Eyes Only" information must be removed before the remaining materials may be made available to those other persons.

13. Materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendant, respectively, to a witness at any deposition or other proceeding in this case, to a potential witness, or to a testifying or non-testifying expert or consultant, or to any other person who was given consent, unless and until such person has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as Exhibit A. Current employees of Plaintiff and Defendant are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order.

14. Counsel shall maintain files containing materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review Confidential materials as set forth in this Order.

15. No documents, information, or things designated as "Confidential" or "Confidential – Attorneys' Eyes Only," including that contained in pleadings, motions, briefs, declarations, or exhibits  shall be filed with the Court unless such filing is made in accordance with the provisions of Rule 5.3 of the Local Rules for the United States District Court for the Eastern District of Michigan. The parties agree they will concur in any motion filed by the other party brought pursuant to Local Rule 5.3(a) or (b).

16. Nothing in this Order shall preclude any party or their attorneys from:

    a. Showing materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to an individual who either prepared or reviewed the document, or is shown by the document, to have received the document.

    b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

    c. Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if a party intends to use or offer into evidence at such trial any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

    d. Redacting information from documents produced in accordance with the discovery process, including information that is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this subsection limits the opposing party from challenging such redactions before this Court

    e. Using "Confidential" or "Confidential – Attorneys' Eyes Only." In any motion brief or submission to the Court.

17. If a party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

18. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be destroyed at the request of the opposing party; provided, however, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in a secure location - subject to any applicable Statute of Limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" or

9

"Confidential – Attorneys' Eyes Only" that are in the custody of the Court are excepted from the terms of this paragraph.

19.    If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered. Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

20.    The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on the use of materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

SO ORDERED.


Dated: June 29, 2026                    s/Robert J. White_____
                                        Robert J. White
                                        United States District Judge

10

**STIPULATED TO:**


  _/s/ Jason C. Yert_____          __/s/ Christopher E. Kentra_____
Attorney for Plaintiff                               Attorney for Defendants

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I, _____ , state that:

1.	My address is  _____  .

2.	My present employer is _____ and address of my employer is

3.	My present occupation is _____  .

4.	I have received a copy of the Stipulated Protective Order in the case of *Safe N Simple, LLC v. Sarasota Medical Products, Inc., et al.*, Case No.  ___  United States District Court for the Eastern District of Michigan.

5.	I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of enforcement of the Stipulated Protective Order.

6.	I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

I declare under the penalties of perjury that this document has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Dated: _____	By:

Name: _____

12